UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HARRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>Defendant. | Case No. 1:25-cv-00107 |
| CHRISTOPHER VAUGHT, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>Defendant. | Case No. 1:25-cv-00108 |
| LUCRESIA CAMPBELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>Defendant. | Case No. 1:25-cv-00109 |
| CALEB NABORS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>Defendant. | Case No. 1:25-cv-00113 |

1

| | |
|---|---|
| KATELYN BUTLER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>    Defendant. | Case No. 1:25-cv-00114 |
| BRITTANY KUBBA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>    Defendant. | Case No. 1:25-cv-00118 |
| DENNIS GOODINE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>    Defendant. | Case No. 1:25-cv-00125 |

**PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CO-LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs in seven related cases, *Harris v. Lee University*, No. 1:25-cv-00107 ("*Harris*"), *Vaught v. Lee University*, No. 1:25-cv-00108 ("*Vaught*"), *Campbell v. Lee University*, No. 1:25-cv-00109 ("*Campbell*"), *Nabors v. Lee University*, No. 1:25-cv-00113 ("*Nabors*"), *Butler v. Lee University*, No. 1:25-cv-00114 ("*Butler*"), *Kubba v. Lee University*, No. 1:25-cv-00118 ("*Kubba*"), and *Goodine v. Lee University*, No. 1:25-cv-00125 ("*Goodine*"), (collectively, the "Related Actions") by and through the undersigned counsel, respectfully move the Court for an

2

Order consolidating the above-captioned matters and appointing Andrew J. Shamis of Shamis & Gentile, P.A. ("Shamis & Gentile") and J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC, as interim co-lead counsel. Plaintiffs further request that the Court stay the Related Actions, including any of the Defendant's responsive pleading deadlines, and require the filing of a consolidated class action complaint ("Consolidated Complaint") within 30 days of entry of an order consolidating the cases and appointing leadership. For the reasons set forth below, Plaintiffs' Motion to Consolidate Cases and Appoint Class Counsel should be granted. A proposed Order is respectfully tendered herewith.

## I. INTRODUCTION

*Harris*, (filed April 1, 2025), *Vaught* (filed April 1, 2025), *Campbell* (filed April 1, 2025), *Nabors*, (filed April 3, 2025), *Butler* (filed April 4, 2025), *Kubba*, (filed April 7, 2025), *Goodine* (filed April 11, 2025), are seven related class actions involving common questions of law or fact and asserting overlapping claims on behalf of overlapping putative classes, pending in the United States District Court for the Eastern District of Tennessee, against Defendant.

This litigation arises from a data security incident on Defendant's systems and its alleged failure to implement reasonable cybersecurity safeguards, which Plaintiffs allege resulted in the unauthorized disclosure of their personally identifiable information ("PII") to cybercriminals bent on identity theft and fraud (the "Data Breach"). To remedy the harms allegedly caused by the Data Breach, Plaintiff Michael Harris filed a putative class action on April 1, 2025. No. 1:25-cv-00107 (E.D. Tenn.). Alleging the same failures, the other named Plaintiffs filed subsequent class action complaints.

The seven cases present the same questions of fact and law. In *Harris*, Plaintiff alleges that Defendant experienced a cyberattack in or around March 2024, in which cybercriminals accessed

3

the sensitive personal information of thousands of individuals. *Harris*, Compl. ¶¶ 2, ¶91. The subsequently filed actions all contain similar facts.

The causes of action presented are also similar. Through their respective class actions, Plaintiffs allege a combination of the following causes of action: Negligence and Negligence per se, Breach of Implied Contract, Unjust Enrichment/Quasi Contract, Breach of Fiduciary Duty, Invasion of Privacy/Intrusion Upon Seclusion, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Declaratory Judgment. Though the complaints may vary by a few different claims, they all seek the same result—to redress Plaintiffs' alleged harms caused by the Incident. Thus, to promote the efficient resolution of all matters, Plaintiffs request consolidation of the seven matters into the first-filed matter. As of the date of this filing, Plaintiffs are unaware of any other class actions that have been filed related to the Incident. Plaintiffs further request that Andrew J. Shamis and J. Gerard Stranch, IV be appointed interim co-lead counsel.

## II. ARGUMENT

### a. The Court Should Consolidate the Related Actions.

The Court should consolidate the Related Actions because they present the same questions of law and fact. Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Whether cases involving common factual and legal issues should be consolidated for trial is a matter within the discretion of the trial court." *Hiley v. CorrectCare Integrated Health, Inc.*, 2023 WL 2167376, at *2 (E.D. Ky. Feb. 22, 2023). If the court determines that common questions of law or fact exist, the court must also consider (1) whether any prejudice or confusion are outweighed by risks of inconsistent determinations of those

4

common questions; (2) the burdens that litigating multiple cases my place on litigants, witnesses, and the judicial system, including the time required to resolve multiple suits; and (3) the expense to all parties of litigating a single action versus multiple disparate cases. *Id.*

Here, common questions of law and fact predominate over the seven cases. Indeed, the seven cases are virtually identical in that they challenge the same alleged conduct and failures by Defendant, and they concern the same underlying data security incident. Indeed, the only difference in these cases is that the complaints identify some different claims. Nevertheless, these claims are not inconsistent and can be combined into a consolidated class action complaint. Moreover, consolidation will provide no prejudice to any party. Further, any prejudice is nevertheless minimal given that all cases remain in the early stages of litigation, with all complaints being filed in April 2025. Moreover, given that all Parties consent to, or prefer, consolidation, there is no need to incur the added expense of duplicate discovery and motion practice, which would only serve to waste time, monetary resources, and judicial resources without adding any benefit to the proposed class. Lastly, if all cases proceed to a trial, the Parties risk disparate factual findings of the same questions and potentially inconsistent liability rulings.

For these reasons, consolidation of these seven cases into the first-filed action is the superior option for ensuring consistent rulings and findings of fact while ensuring the most efficient resolution. The Court should grant Plaintiffs' motion and consolidate these actions.

### b. The Court Should Appoint Andrew J. Shamis and J. Gerard Stranch, IV as Interim Co-Lead Counsel.

The Court has inherent authority and procedural authority to choose an interim lead counsel, and the ultimate choice lies within the Court's discretion. *In re Wendy's Co. Shareholder Derivative Action*, 44 F.4th 527, 532 (6th Cir. 2022); Fed. R. Civ. P. 23(g)(3) ("The court may

5

Case 1:25-cv-00107-CLC-MJD   Document 9   Filed 04/25/25   Page 5 of 15   PageID #: 95

designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). "Designation of a []leadership structure eliminates uncertainty regarding who will be primarily responsible for leading the consolidated action." *Hiley*, 2023 WL 2167376, at *2. In class action, the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (quoting MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11 (2022)).

In exercising that authority, "the district court should select the counsel who will best honor the interests of the plaintiffs litigating on behalf of the [class]." *In re Wendy's*, 44 F.4th at 533. In determining whether the proposed counsel will properly serve the class, the court should consider "counsel's qualifications and experience, counsel's ability to work cooperatively with opposing counsel and the court, the nature of the causes of action alleged, the quality of the pleadings, and any prior agreements among the parties." *Id.* Moreover, in determining the appropriate counsel to lead the class, district courts "customarily assess applicants under the rubrics for appointment of permanent class counsel" as provided for in Rule 23(g)(1)(A). *In re BGH Data Security Litig.*, 2023 WL 10554429, at *1 (E.D. Ky. Mar. 17, 2023). Those metrics likewise analyze proposed counsel's experience in similar class actions, counsel's knowledge of the relevant law, any investigations performed regarding the claims presented, and the resources that counsel will bring to bear on the case. Fed. R. Civ. P. 23(g)(1)(A).

> **1. Proposed Interim Lead Counsel Has Thoroughly Investigated the Claims and Defenses Presented Here and is Committed to Continuing Those Efforts.**

Plaintiffs' counsel, including Mr. Shamis and Mr. Stranch and their respective firms, have thoroughly investigated this action and the relevant case law that establishes the basis for Defendants' liability. These tasks included case law and statutory research, review of all

information in the public domain regarding the Incident, communications and interviews with prospective class representatives, and a review of any and all available information stating or implying Defendants' alleged failures in this matter. *Id*. The investigation and determinations have been informed by the various attorneys' experience and knowledge of these types of cases. Mr. Shamis and Mr. Stranch also worked with all filed cases to try and reach consensus on consolidation and leadership. Though all Plaintiffs' counsel have diligently investigated and researched this matter, they have agreed that Mr. Shamis and Mr. Stranch should be named interim co-lead counsel.

### 2. Proposed Interim Lead Counsel Has a Wealth of Knowledge and Experience in Similar Consumer Class Actions.

The proposed Interim Co-Lead Counsel have proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. Proposed Interim Co-Lead Counsel will work well together (important to a cohesive, effective team), but they are also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, the Proposed Interim Co-Lead Counsel have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims and expertise in Tennessee law.

#### i. Andrew J. Shamis of Shamis & Gentile, P.A.

Andrew Shamis is the managing partner at Shamis & Gentile, P.A. where he heads the class action and mass torts division of the firm. Mr. Shamis and his extensive experience in civil litigation has helped him recover over 1 billion dollars for consumers and plaintiffs throughout the country through his relentlessness, expertise, and calculated approach. Mr. Shamis is routinely certified class counsel which has resulted in many favorable class settlements.

In connection with litigating class cases throughout the country, Mr. Shamis has made it

7

Case 1:25-cv-00107-CLC-MJD    Document 9    Filed 04/25/25    Page 7 of 15    PageID #: 97

a point to become a permanent member of many bars to effectively represent those communities. Mr. Shamis is permanently admitted to practice law in the states of Arizona, Florida, Georgia, Illinois, Missouri New York, Ohio, Texas, and Washington, as well as the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, Northern, Eastern, Western, and Southern Districts of New York, Northern and Southern District of Illinois, Northern, Middle, and Southern District of Georgia, Eastern and Western Districts of Michigan, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Ohio, Southern District of Indiana, Eastern and Western Districts of Missouri, Eastern and Western Districts of Oklahoma, Northern, Western, Eastern, and Southern Districts of Texas, Eastern and Middle Districts of Tennessee, US District Court if Colorado, US District Court for Arizona, and the US District Court of Nebraska. Some of Mr. Shamis' successes include the following[1]:

- *South, et. al. v. Progressive Select Insurance Company, et. al.*, No. 19-cv-21760 (S.D. Fla. 2023) ($48,800,000.00 Class Settlement)

- *Davis, et. al. v. Geico Casualty Company, et. al.*, No. 19-cv-02477 (S.D. Ohio 2023) ($5,756,500.00 Class Settlement)

- *Arevalo, et. al. v. USAA Casualty Insurance Company, et. al.*, No. 2020CI16240 (Bexar County, Texas 2023) ($4,089,287.50 Class Settlement)

- *Albrecht v. Oasis Power, LLC*, No. 1:18-cv-1061 (N.D. Ill. 2018) ($7,000,000.00 Class Settlement)

- *Bloom v. Jenny Craig, Inc.*, No. 1:18-cv-21820-KMM, 2018 U.S. Dist. LEXIS 51686 (S.D. Fla. 2018) ($3,000,000 Class Settlement)

- *Cortazar v. CA Management Services Parent, LLC*, No. 19-cv-22075 (S.D. Fla.2019) ($1,500,000.00 Class Settlement)

---

[1] Additional information regarding Mr. Shamis and his firm is set forth in the Shamis & Gentile, P.A., resume attached hereto as **Exhibit 1**.

- *DeFranks v. Nastygal.com USA Inc.*, No. 19-cv-23028-DPG (S.D. Fla. 2019)

  ($4,025,000 Class Settlement)

- *Deleon III, et. al. v. Direct General Insurance Company, et. al.*, No. 19-CA-001636 (9th Judicial Circuit, Osceola County) ($2,450,000 Class Settlement)

- *Dipuglia v. US Coachways, Inc.*, No. 17-23006-Civ, 2018 U.S. Dist. LEXIS 72551 (S.D. Fla. 2018) ($2,600,000 Class Settlement)

- *Eisenband v. Schumacher Automotive, Inc.*, No. 18-cv-01061 (S.D. Fla 2018) ($5,000,000 Class Settlement)

- *Flores v. Village Ford, Inc.*, No. 2:19-CV-12368 (E.D. Mich. 2019) ($1,050,000 Class Settlement)

- *Gottlieb v. Citgo Corporation*, No. 16-cv-81911 (S.D. Fla. 2016) ($8,300,000 Class

  Settlement)

- *Halperin v. YouFit Health Clubs, LLC*, No. 18-CV-61722-WPD (S.D. Fla. 2018) ($1,418,635 Class Settlement)

- *Hindes v. Ohio Mutual Insurance Company*, No. 20CV007627 (Franklin County, OH) ($1,875,000 Class Settlement)

- *Jacques, et. al. v. Security National Insurance Company*, No. CACE-19-002236 (17th

  Judicial Circuit, Broward County) ($6,000,000 Class Settlement)

- *Jones v. Washington State Employee's Credit Union*, No. 20-2-06596-5 (Superior Court of the State of Washington County of Pierce) ($2,400,000 Class Settlement)

- *Marengo v. Miami Resch. Assocs., LLC*, No. 1:17-cv-20459-KMW, 2018 U.S. Dist. LEXIS 122098 (S.D. Fla. 2018) ($1,236,300 Class Settlement)

- *McGowan v. First Acceptance Insurance Company, Inc.*, No. 21-CA-004864 (Fla. 9th Cir. Ct.) ($2,200,000 Class Settlement)

- *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147 (S.D. Ohio 2020) ($12,000,000 Class Settlement)

- *Papa v. Greico Ford Fort Lauderdale, LLC*, No. 1:18-cv-21897 (S.D. Fla. 2018)

9

($4,800,000 Class Settlement)

- *Patterson v. McCarthy Ford, Inc.*, No. 2020-CH-07042 (Circuit Court of Cook County, Illinois County Department, Chancery Division) ($1,870,000 Class Settlement)

- *Pena v. John C. Heath, Attorney at Law, PLLC*, d/b/a Lexington Law Firm, No.

  18-cv- 24407-UU (S.D. Fla. 2018) ($11,450,863 Class Settlement)

- *Petit Beau, et. al., v. Ocean Harbor Casualty Insurance Company*, No. CACE-18-029268 (17th Judicial Circuit, Broward County) ($4,500,000 Class Settlement)

- *Picton v. Greenway Chrysler-Jeep-Dodge Inc. d/b/a Greenway Dodge Chrysler Jeep*, No. 19-cv-00196-GAP-DCI (M.D. Fla. 2019) ($2,745,000 Class Settlement)

- *Wijesinha v. Susan B. Anthony List, Inc.*, No. 18-cv-22880 (S.D. Fla. 2018) ($1,017,430 Class Settlement)

### ii. J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC.[2]

J. Gerard Stranch, IV is a third-generation trial lawyer with deep and broad experience representing consumers against some of the largest and most well-resourced companies in the country. He is the Managing Partner of Stranch, Jennings & Garvey, PLLC—the largest and most successful Tennessee-based class action firm. He was the lead trial attorney for the Staubus opioids case, on behalf of nine East Tennessee Counties and certain cities within those counties against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for $35 million, the largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-MD-02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding*

---

[2] Additional information regarding Mr. Stranch and his firm is set forth in the Stranch, Jennings & Garvey, PLLC resume attached hereto as **Exhibit 2.**

10

*Pharmacy, Inc.*, MDL No. 13-02419-RWZ (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388–EFH (D. Mass.) a case that resulted in a $590.5 million settlement shortly before trial.

Earlier in his career, Mr. Stranch was named to the 40 Under 40 list by the National Trial Lawyers Association. Indeed, when beneficial to his clients, Mr. Stranch is more than willing to take any case to trial. For example, Mr. Stranch's firm recently took Abbott Laboratories to trial in a bellwether infant formula case, which resulted in a nearly $500 million jury verdict. *Gill v. Abbott Labs.*, No. 2322-CC01251 (Mo. Cir. Ct.).

Mr. Stranch, moreover, has deep experience representing consumers in class action litigation, especially in privacy cases. Indeed, Mr. Stranch has significant knowledge of the claims and defenses brought in data breach and other privacy class actions specifically because he has litigated these matters in courts across the country. For example, Mr. Stranch served as co-lead in *In re CorrectCare Data Breach Litig.*, No. 5:22-319-DCR (E.D. Ky.), negotiating a 6.49 million dollar settlement. In *Doe v. SSM & Navvis*, No. 2422-CC-00208 (Mo. Cir. Ct.) (final approval pending), the firm represented the class as class counsel, resulting in a $6.5 million settlement. In *Owens v. MGM Resorts International*, No. 2:23-cv-01480 (D. Nev.), Mr. Stranch was appointed as co-lead class counsel to represent a class of customers affected by a 2023 data breach. Along with co-counsel, Mr. Stranch negotiated a $45 million settlement as part of an agreement to resolve claims arising under both of MGM's 2019 and 2023 data breaches. In *In re Evolve Bank & Trust Customer Data Security Breach Litigation*, MDL No. 2:24-md-03127 (W.D. Tenn.), Mr. Stranch successfully petitioned for centralizing in an MDL and was ultimately named interim lead counsel. Mr. Stranch then successfully negotiated a nearly $12 million settlement. In *Lewis v. Mountain*

*View Hospital, LLC*, No. 3:24-cv-00175 (M.D. Tenn.), Mr. Stranch served as lead counsel on behalf of the more than 400,000 class members and negotiated a settlement worth up to $4.4 million. And in a recent online privacy case, *Doe et al v. HSCGP, Inc.*, No. 23C2513 (Tenn. Cir. Ct.), Mr. Stranch negotiated a settlement valued at approximately $23 million to redress alleged privacy violations related to disclosure of health information to Meta.

Indeed, these are a small fraction of the hundreds of privacy class actions that Mr. Stranch has litigated. *See Martinez et al. v. Presbyterian Healthcare Services*, No. D-202-CV-2020-01578 (N.M. Dist. Ct.) (class of 1,047,428 individuals); *Owens v. U.S. Radiology Specialists Inc. et al.*, No. 22 CVS 17797 (N.C. Super. Ct.); *In re Goodman Campbell Brain & Spine Data Incident Litig.*, No. 49D01-2207-PL-024807 (Ind. Super. Ct.); *Monegato v. Fertility Ctrs. of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cir. Ct.); *Berthold v. Norton Healthcare, Inc.*, No. 23-CI-003349 (Jeff. Cty., Ky. Cir. Ct.) (appointed co-lead interim class counsel in consolidated data breach class action impacting at least 2.5 million patients and employees); *Lurry v. Pharmerica Corp.*, No 3:23-cv-00297-RGJ (W.D. Ky.) (appointed interim lead class counsel in consolidated data breach class action); *Goodlett v. Brown-Forman*, No. 20-CI-005631 (Jefferson Cty. Ky. Cir. Ct.); *Reese v. Teen Challenge Training Ctr., Inc.*, No. 210400093 (Phil. Cty. Pa. Ct. Comm. Pl.); *Black v. Smith Transport, Inc.*, No. 2022 GM 3110 (Blair Cty. Pa. Ct. Comm. Pl.) (final approval pending); *K.B. E. Tenn. Children's Hosp. Ass'n*, No. C2LA0081 (Tenn. Cir. Ct.); *Henck v. Squirrel Hill Health Ctr.*, No. GD-21-014637 (Pa. Ct. Comm. Pls.); *Edwards v. Concord Music Grp.*, No. 24C2675 (Tenn. Cir. Ct.); *Bauer v. BJC Health Sys.*, No. 2022-CC-09492 (Mo. Cir. Ct.); *Castaneda v. Ardagh Glass, Inc.*, No. 1:23-cv-02214 (S.D. Ind.); *O'Neal v. Quaker Window Prods.*, No. 24OS-CC-00002 (Mo. Cir. Ct.).

Given Mr. Stranch's deep experience in data breach class actions, he is more than qualified

to represent the Class here.

### 3. Proposed Interim Lead Counsel Can Work, Has Worked, and Will Work Well with other Plaintiffs' Counsel.

Mr. Shamis and Mr. Stranch are well positioned to coordinate among, and work with, Plaintiffs' counsel, as is evidenced by the agreement reached among counsel to appoint Mr. Shamis and Mr. Stranch as their co-lead counsel. For these reasons, the Court should recognize Plaintiffs' counsel's agreement and appoint Andrew J. Shamis and J. Gerard Stranch, IV, as Interim Co-Lead Counsel.

### 4. Proposed Interim Lead Counsel Has Sufficient Resources to Represent the Class in This Action.

As is evident by the numerous large data breach class actions that Mr. Shamis and Mr. Stranch have handled, Shamis & Gentile and Stranch, Jennings & Garvey, PLLC possess sufficient resources to represent the putative class action in this matter.

The appointment of a formal leadership structure, in accordance with Plaintiffs' counsel's agreement, will facilitate the most efficient resolution of these cases and will further the first rule of civil procedure. Fed. R. Civ. P. 1 (explaining that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The Court should grant Plaintiffs' motion.

## III. CONCLUSION

For the foregoing reasons, the Court should consolidate the seven Related Actions in the first-filed matter—No. 1:25-cv-00107. All Related Actions present the same questions of fact and law, and stem from the same Incident. Moreover, the seven complaints propose effectively identical class definitions. Additionally, the Court should appoint Andrew J. Shamis of Shamis & Gentile, P.A. and J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC as Interim Co-Lead

13

Counsel, an appointment for which the various Plaintiffs' counsel have all agreed. Plaintiffs also request that the Court Order include a 30-day deadline for Plaintiffs to file a Consolidated Class Action Complaint. Lastly, the Parties request that the Court order that Defendant shall have no obligation to respond to the existing operative complaints upon the order of consolidation.

Dated: April 25, 2025

Respectfully Submitted,

*/s/ Andrew J. Shamis*
Andrew J. Shamis
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
ashamis@shamisgentile.com

J. Gerard Stranch, IV (BRP 23045)
Grayson Wells (BRP 039658)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

Jeff Ostrow
**Kopelowitz Ostrow Ferguson Weiselberg Gilbert, P.A.**
One West Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
ostrow@kolawyers.com

Casondra Turner
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (866) 252-0878
cturner@milberg.com

Leigh S. Montgomery
Texas Bar No. 24052214
**EKSM, LLP**
1105 Milford Street
Houston, TX 77006
Tel: (888) 350-3931
lmontgomery@eksm.com

Andrew J. Shamis
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
ashamis@shamisgentile.com