UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL HARRIS, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-107<br><br>Judge Curtis L. Collier |
| CHRISTOPHER VAUGHT, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-108 |
| LUCRESIA CAMPBELL, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-109 |

| | |
|---|---|
| CALEB NABORS, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-113 |
| KATELYN BUTLER, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-114 |
| BRITTANY KUBBA, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-118 |
| DENNIS GOODINE, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-125 |

# MEMORANDUM & ORDER

Before the Court is a motion by Plaintiffs to consolidate their individual actions and appoint interim co-lead counsel (Case No. 1:25-cv-107, Doc. 9) in each of these seven related cases (Case No. 1:25-cv-107; Case No. 1:25-cv-108; Case No. 1:25-cv-109; Case No. 1:25-cv-113; Case No. 1:25-cv-114; Case No. 1:25-cv-118; Case No. 1:25-cv-125) pursuant to Rules 42 and 23 of the Federal Rules of Civil Procedure. Defendant has not responded to the motion.

Under Federal Rule of Civil Procedure 42(a), "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision of whether to consolidate a case containing the same factual and legal questions is within the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In considering whether to consolidate cases, trial courts are instructed to consider "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Upon review of the pleadings, the Court has determined that these cases involve common questions of law and fact and should be consolidated pursuant to Rule 42. The cases are "virtually identical in that they challenge the same alleged conduct and failures by Defendants, and they concern the same underlying data security incident." (*See, e.g.*, Case No. 1:25-cv-107, Doc. 9 at 5.) Each case relates to the same factual basis and seeks the same relief in response to the same

event. Handling each matter separately would pose unnecessary cost and delay, and consolidating the cases will help ensure consistent and efficient adjudications. Therefore, the factors noted above weigh in favor of adjudicating the parties' dispute in a single trial instead of through multiple separate trials.

Rule 23(g)(3) provides, "[t]he Court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When evaluating interim class counsel, the Court considers the factors set forth in Rule 23(g)(1): "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *See, e.g.*, *Wolpert v. Branch Banking Tr. & Co.*, No. 3:19-cv-138, 2023 WL 3263487, at *4 (E.D. Tenn. Mar. 23, 2023). The decision to appoint interim class counsel is within the Court's discretion. *Id.*

Plaintiffs filed declarations by Andrew J. Shamis and J. Gerard Stranch IV in support of their motion to appoint interim co-lead counsel. (Case No. 1:25-cv-107, Doc. 9). Mr. Shamis represents that he has experience in class actions and is routinely certified class counsel. (*See, e.g.*, Case No. 1:25-cv-107, Doc. 9 at 7.) Mr. Stranch represents that he has experience in data-breach litigation and other privacy class actions. (*See, e.g.*, Case No. 1:25-cv-107, Doc. 9 at 11.) Both attorneys also represent that they have "thoroughly investigated this action and the relevant case law that establishes the basis for Defendant's liability. . . includ[ing] case law and statutory research, review of all information in the public domain regarding the Incident, communications and interviews with prospective class representatives, and a review of any and all available information stating or implying Defendants' alleged failures in this matter." (Case No. 1:25-cv-

4

Case 1:25-cv-00107-CLC-MJD   Document 16   Filed 07/24/25   Page 4 of 5   PageID #: 145

107, Doc. 9 at 6–7.) Plaintiffs' counsel agree Mr. Shamis and Mr. Stranch should serve as interim co-lead counsel. (Case No. 1:25-cv-107, Doc. 9 at 7.) Therefore, the factors noted above weigh in favor of appointing interim co-lead counsel.

Accordingly, the parties' joint motion to consolidate their individual actions and appoint interim co-lead counsel (Case No. 1:25-cv-107, Doc. 9) in each of these seven related cases (Case No. 1:25-cv-107; Case No. 1:25-cv-108; Case No. 1:25-cv-109; Case No. 1:25-cv-113; Case No. 1:25-cv-114; Case No. 1:25-cv-118; Case No. 1:25-cv-125) pursuant to Rules 42 and 23 of the Federal Rules of Civil Procedure is **GRANTED**. Andrew J. Shamis and J. Gerard Stranch IV are **APPOINTED** as Plaintiffs' Interim Co-Lead Counsel. The cases are **CONSOLIDATED** under the caption for the first-filed action, Case No. 1:25-cv-107, and all future filings shall be made in that case. The parties shall file a consolidated amended complaint within thirty (30) days of this Order being entered. Defendant shall have no obligation to answer or otherwise respond to the existing operative complaints.

SO ORDERED.

ENTER:

/s/_____
CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE